IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCELLUS GERMAINE TONEY, | ) | No. C 08-3869 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) ) | |
| SAN FRANCISCO POLICE DEPARTMENT, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff Marcellus Toney ("Plaintiff"), currently incarcerated at California State Prison-Folsom in Folsom, California, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges that certain officers of the San Francisco Police Department subjected him to the use of excessive force. By separate order filed simultaneously, Plaintiff has been granted leave to proceed in forma pauperis.

**BACKGROUND**

Plaintiff alleges that on an unknown date in August, 2006, Plaintiff that he was assaulted by "at least four officers" of the San Francisco Police Department who jumped him, pinned him down, placed a foot on his neck, cuffed him too tight, forced his fingers in the opposite direction and threw him head first into a van. Plaintiff alleges that he in no way resisted them and no criminal charges were filed against him. In addition to several "John Doe" Defendants, Plaintiff names the San Francisco Police Department as a Defendant.

**DISCUSSION**

**A.      Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Liberally construed, Plaintiff's allegations of use of unnecessary and excessive force appear to state a cognizable claim under § 1983 against the unidentified correctional officers. See *Hudson v McMillian*, 503 US 1, 6-7 (1992) (prison officials violate Eighth Amendment's proscription against cruel and unusual punishment if they apply force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline). In order to proceed, however, Plaintiff must identify the individual responsible police officers and specifically allege how each of them caused the deprivation of his constitutional rights. See *Wakefield v Thompson*, 177 F3d 1160, 1163 (9th Cir 1999) (plaintiff should be given opportunity to identify unknown defendants). The San Francisco Police Department cannot be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Plaintiff will be provided leave to amend as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.

1  Plaintiff may file an amended complaint within ***thirty days from the date of this order***.  The
2  amendment must include the caption and civil case number used in this order and the words
3  "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend
4  within the designated time will result in the dismissal of the complaint without prejudice.
5  Plaintiff is advised that the amended complaint will supersede the original complaint and all
6  other pleadings in this action.  Claims and Defendants not included in the amended complaint
7  will not be considered by the Court. *See King v Atiyeh*, 814 F2d 565, 567 (9th Cir 1987).
8     2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
9  informed of any change of address and must comply with the Court's orders in a timely
10 fashion by filing a separate paper captioned "Notice of Change of Address."  Failure to do so
11 may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).
12     IT IS SO ORDERED.
13 DATED:  April 9, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS GERMAINE TONEY,<br><br>        Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO POLICE DEPARTMENT et al,<br><br>        Defendant. | Case Number: CV08-03869 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcellus Germaine Toney
F81986
P.O. Box 950
Folsom, CA 95763

Dated: April 9, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk